# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Ramiro Camacho, Jr.,

       Plaintiff

v.

Warden Johnson, et al.

       Defendants

Case No. 2:22-cv-00765-JAD-BNW

**Order Dismissing
and Closing Case and Denying Motions**

(ECF Nos. 4, 5)

    Plaintiff Ramiro Camacho, Jr., appears to bring this lawsuit to redress constitutional violations that he claims to have suffered while he was incarcerated at High Desert State Prison. On May 22, 2022, this court instructed Camacho to file a complaint with complies with Federal Civil Procedure Rule 3 and either pay the $402 filing fee for a civil action or properly apply to proceed *in forma pauperis* (IFP) by July 19, 2022.[1]  Camacho responded by filing a document titled "Emergency Injunction for Relief Pursuant to Displaced Citizen Act (Obama-Ex Felon Executive Order)" and another titled "Emergency Injunction for Relief Help."[2]  Neither document constitutes either an application to proceed IFP or a complaint under Federal Civil Procedure Rule 3 or Nevada Local Special Rule 2-1, which governs the form of pro se civil-rights complaints.  And Camacho did not pay the filing fee.

    So the Court gave Camacho until September 4, 2022, to file a complaint and either pay the filing fee or properly apply to proceed IFP.[3]  The court warned Camacho that this case would be dismissed if he failed to comply by the deadline.[4]  He neither filed an amended complaint by

---

[1] ECF No. 3.

[2] ECF Nos. 4, 5.

[3] ECF No. 6.

[4] *Id*.

the deadline nor moved for an extension of time to do so. And he has not paid the filing fee or filed an IFP application.

The law permits a district court to dismiss an action based on a party's failure to comply with a court order.[5] In determining whether to dismiss an action on this ground, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[7] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[8] Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[9] Because this action cannot proceed until and

---

[5] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint).

[6] *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

[7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[8] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002).

[9] *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

unless Camacho files a complaint, and this Court cannot operate without collecting reasonable fees, the only alternative is to enter a third order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders finite resources along the way. The circumstances here do not indicate that this case will be an exception: there is no hint that Camacho needs additional time nor evidence that he did not receive the court's order. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal. IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED** for failure to follow a court order.

IT IS FURTHER ORDERED that the emergency injunctive-relief motions **(ECF Nos. 4, 5) are DENIED AS MOOT**.

The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**. **No other documents may be filed in this now-closed case.**

Dated: September 19, 2022

_____
U.S. District Judge Jennifer A. Dorsey